IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| CASEY C. BURRIS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. CIV-16-470-M |
| | ) | |
| TRACY MCCOLLUM, WARDEN, | ) | |
| | ) | |
| Respondent.[1] | ) | |

## REPORT AND RECOMMENDATION

Petitioner, a state prisoner appearing pro se, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The matter has been referred by United States District Judge Vicki Miles-LaGrange for proposed findings and recommendations consistent with 28 U.S.C. § 636(b)(1)(B) and (C). In accordance with Rule 4 of the Rules Governing Section 2254 Cases, the Petition has been promptly examined. For the reasons set forth below, it is recommended that the Petition be summarily dismissed.

**I.    Background**

On January 15, 1999, Petitioner entered a plea of nolo contendere, in Case No. CF-1997-6783, District Court of Oklahoma County, State of Oklahoma, to Eleven Counts of Indecent and Lewd Acts with a Child in violation of Okla. Stat. tit. 21, § 1123. *See* Petition [Doc. No. 1] at p. 1, ¶¶1-6.[2] Petitioner was sentenced to two, twenty-year consecutive sentences. *See id.*, ¶ 3. He did not appeal his conviction. *See id.* at p. 2, ¶ 8.

---

[1] Petitioner is incarcerated at Oklahoma State Reformatory in Granite, Oklahoma. Tracy McCollum is the warden of the facility and the proper respondent in this action. *See* Rule 2, Rules Governing Section 2254 Cases in the United States District Courts. Accordingly, Tracy McCollum is substituted as the proper respondent.

[2] Citations to the Petition reference the Court's Electronic Case Filing pagination.

Petitioner first sought post-conviction relief on November 30, 2000 and the state district court denied his application on January 18, 2001. *See* Petition at p. 3, ¶ 11(a). Petitioner filed a second application for post-conviction relief on January 28, 2015 which was denied by the state district court on March 25, 2015. *See* Petition at pp. 3-4, ¶ 11(b). And Petitioner filed a third application for post-conviction relief on May 27, 2015 which was denied by the state district court on August 26, 2015. *See* Petition at p. 4, ¶ 11(c).

## II.     Federal Habeas Petition -- Grounds for Relief

On May 5, 2016, Petitioner filed this action seeking federal habeas corpus relief pursuant to 28 U.S.C. § 2254. He raises six grounds for relief. In Grounds One through Three Petitioner challenges his state court conviction and sentence pursuant to the Fourth, Fifth and Sixth Amendments. He claims he was not advised of his legal rights prior to entering his plea, he was denied the right to proceed to trial, and he received ineffective assistance of counsel. Petitioner may also claim a denial of his constitutional right of access to the courts as part of the claims raised in Grounds One and Two. It is not clear whether Petitioner makes such allegations as grounds to support equitable tolling of the limitations period or as an independent claim. As discussed infra, to the extent Petitioner does purport to bring an independent claim, such a claim is not cognizable in this federal habeas action.

In Ground Four, Petitioner appears to challenge the conditions of his confinement. He claims a violation of his Eighth Amendment rights alleging that he has suffered "cruel and unusual punishment." *See* Petition at pp. 9-10. Petitioner alleges he has been "wrongfully advised" and his life has been placed in "great jeopardy" and that he has suffered "physical abuse along with mental issues that are documented." *See id*. He further alleges that his medical needs have been neglected. *See id*. at p. 10.

In Ground Five, Petitioner appears to claim that the Oklahoma Department of Corrections (ODOC) has lost jurisdiction over him by "illegally transferr[ing] him to an out of state-warden from an [sic] court ordered Oklahoma State Warden." *See* Petition at p. 15. The claim raised in Ground Five appears to challenge the execution of Petitioner's sentence.

Finally, in Ground Six, Petitioner alleges he has been discriminated against by the Oklahoma County District Court due to the nature of his crime of conviction. *See* Petition at p. 16. He claims the Oklahoma County District Court has been "continual[ly] neglect[ful]" and that he sought relief before the OCCA, but relief was denied. As best can be discerned, Petitioner appears to seek a form of mandamus relief as to the claim raised in Ground Six.

For the reasons set forth below, the Court finds the claims raised in Grounds One through Three challenging Petitioner's conviction and sentence are barred by the applicable one-year statute of limitations governing his federal habeas claims. Any independent access to courts claim raised in Grounds One and Two, and the claim raised in Ground Four are not cognizable in this federal habeas corpus action brought pursuant to § 2254. The claim raised in Ground Five is a challenge to the execution of his sentence and lacks merit. And finally, the claim raised in Ground Six seeks mandamus relief which this Court lacks jurisdiction to grant. Accordingly, it is recommended that the Petition be summarily dismissed.

**III.    Analysis**

    **A.    Screening Requirement**

Rule 4 requires this Court to review habeas petitions promptly and to summarily dismiss a petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief . . . ." Rule 4 of the Rules Governing Section 2254 Cases. This rule permits the Court to raise the issue of the petition's timeliness. *See Day v. McDonough*, 547 U.S. 198,

209 (2006) ("[D]istrict courts are permitted, but not obliged, to consider, *sua sponte*, the timeliness of a state prisoner's habeas petition."); *Thomas v. Ulibarri*, 214 F. App'x 860, 861 n.1 (10th Cir. 2007) (addressing the requirements of *Day* and the discretion of the district court to address the timeliness of a habeas petition).

### B. Timeliness of the Petition

The Antiterrorism and Effective Death Penalty Act imposes a one-year statute of limitations for § 2254 habeas petitions brought by state prisoners. *See* 28 U.S.C. § 2244(d)(1). The period begins to run from "the latest of" four dates:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). Unless a petitioner alleges facts implicating the provisions set forth in § 2244(d)(1)(B), (C) or (D), the limitations period generally begins to run from the date on which the conviction became final. *See Preston v. Gibson*, 234 F.3d 1118, 1120 (10th Cir. 2000).

4

Petitioner was sentenced pursuant to a nolo contendere plea on January 20, 1999.[3] Under Oklahoma law, a defendant must file an application to withdraw a plea of guilty or nolo contendere within ten days of the pronouncement of the judgment and sentence in order to commence an appeal from any conviction on a plea of guilty. *See* Rule 4.2(A), Rules of the Oklahoma Court of Criminal Appeals, Title 22, Ch. 18; *Clark v. Oklahoma*, 468 F.3d 711, 713 (10th Cir. 2006) (applying Oklahoma law and finding that petitioner's conviction became final ten days after guilty plea where petitioner "did not move to withdraw his guilty pleas, file a direct appeal, or seek a writ of certiorari from the United States Supreme Court"); *see also Burnham v. State*, 43 P.3d 387, 389 & n. 1 (Okla. Crim. App. 2002) (noting "that a plea of nolo contendere is the functional equivalent of a plea of guilty" for purposes of appellate procedure). As set forth, Petitioner did not file a motion to withdraw his nolo contendere plea and, therefore, his conviction became final on January 30, 1999, ten days after the pronouncement of the judgment and sentence.

Pursuant to § 2244(d)(1)(A), Petitioner's one-year limitations period commenced on January 31, 1999, and he had until January 31, 2000, to file his federal habeas petition. *See Harris v. Dinwiddie*, 642 F.3d 902, 906 n. 6 (10th Cir. 2011). The instant Petition was not filed until more than sixteen years later. Therefore, absent any tolling events, the Petition is untimely filed.

---

[3] Petitioner states he was sentenced on January 29, 1999. *See* Petition at p. 1, ¶ 2. But the docket in his state criminal case reflects the correct date is January 20, 1999. *See State of Oklahoma v. Burris*, Case No. CF-1997-6783, District Court of Oklahoma County, State of Oklahoma, available at http://www.oscn.net. The date discrepancy is not material to the determination of the timeliness of the Petition.

### 1. Statutory Tolling

The attachments to the Petition demonstrate that grounds for statutory tolling do not exist. *See* 28 U.S.C. § 2244(d)(2) (providing for tolling if during the one-year limitations period a petitioner properly files an application for post-conviction or other collateral review in state court). Petitioner's first attempt at post-conviction relief occurred on November 30, 2000, after expiration of the one-year period under § 2244(d)(1)(A). *See* Petition at p. 3, ¶ 11 (setting forth November 30, 2000 as the date of filing Petitioner's first post-conviction application). Because Petitioner did not seek post-conviction relief until after the limitations period expired, statutory tolling is not available to him. *See, e.g., Clark*, 468 F.3d at 714 ("Only state petitions for post-conviction relief filed within the one-year allowed by [§ 244(d)] will toll the statute of limitations.").

### 2. Equitable Tolling

The limitations period set forth in § 2254(d) is subject to equitable tolling. *Holland v. Florida*, 560 U.S. 631, 649 (2010). But, a petitioner must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Id*. (internal quotations and citation omitted). Moreover, equitable tolling is available only "in rare and exceptional circumstances" and "a garden variety claim of excusable neglect is not enough." *Sigala v. Bravo*, 656 F.3d 1125, 1128 (10th Cir. 2011) (citations omitted).

In the section of the form Petition addressing timeliness, Petitioner states he has been denied the "right to be treated fairly" in violation of his Fourteenth Amendment rights due to "gross neglect by the "State Courts, Oklahoma Appeals Courts and the Dept. of Corrections." *See* Petition at p. 13. He also claims he has "no full access to a law library" and that the lower

courts "do not want jurisdiction" which he "firmly believes" is "due to the nature of [his] crime." *See id*. Petitioner further states that he has been placed in segregated housing since February 2016 and is awaiting transfer to another facility. *Id*.

Petitioner's conclusory allegations fail to demonstrate that for a period of over sixteen years he has been diligent in pursuing his rights. His own allegations demonstrate that after filing a first post-conviction application he did nothing for a period of nearly fourteen years before taking further action in the state courts. Additionally, a prisoner's lack of familiarity with the law, lack of legal assistance or access to legal materials are generally insufficient grounds upon which to grant equitable tolling. *See Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000); *see also Johnson v. Jones*, 502 F. App'x 807, 810 (10th Cir. 2012). Accordingly, the face of the Petition demonstrates that no extraordinary circumstances or diligent pursuit of claims are present to warrant equitable tolling.

### 3. Actual Innocence Exception

Actual innocence may serve as a "gateway through which a petitioner may pass" to overcome the statute of limitations bar. *McQuiggin v. Perkins*, -- U.S. --, 133 S.Ct. 1924, 1928 (2013). "[A] 'credible showing of actual innocence' provides an outright equitable exception to AEDPA's statute of limitations." *Doe v. Jones*, 762 F.3d 1174, 1182 (10th Cir. 2014) (*quoting McQuiggin*, 133 S.Ct. at 1928, 1931–33).

But "tenable actual-innocence gateway pleas are rare." *McQuiggin*, 133 S.Ct. at 1928. The petitioner must support his claim of constitutional error with "new reliable evidence -- whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence -- that was not presented at trial." *Schlup v. Delo*, 513 U.S. 298, 324 (1995).

7

And the petitioner must demonstrate that "in light of this new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Id*. at 329.

Petitioner's claims do not suggest that Petitioner is factually innocent of the crimes for which he has been convicted. Nor does he submit any new evidence that would support a claim of actual innocence. Therefore, Petitioner has failed to demonstrate grounds for invocation of the actual innocence exception.

C.     **Claims Not Cognizable in this Habeas Action**

As set forth above, in Grounds One and Two, Petitioner may assert an independent claim based on an alleged denial of his constitutional right of access to the Courts. And in Ground Four of the Petition, Petitioner claims that he has been subjected to cruel and unusual punishment in violation of the Eighth Amendment. He alleges "physical abuse" and further claims that his "medical needs" have been neglected. *See* Petition at pp. 9-10. Petitioner additionally also alleges that he fears he may suffer retaliation though he does not specify any reasons in support.[4]

Petitioner's claims do not challenge his conviction and sentence in Case No. CF-97-6783. Instead they challenge the conditions of his confinement and must be brought in a civil rights action pursuant to 42 U.S.C. § 1983. *See Palma–Salazar v. Davis*, 677 F.3d 1031, 1035 (10th Cir. 2012) ("[A] prisoner who challenges the fact or duration of his confinement and seeks immediate release or a shortened period of confinement, must do so through an application for habeas corpus. . . . In contrast, a prisoner who challenges the conditions of his confinement must do so through a civil rights action."); *see also Woodruff v. Wyoming Dept. of Corrs.*, 37 F. App'x 372, 373 (10th Cir. 2002) (state prisoner's claim that his indigent status prevented meaningful access to courts constituted a challenge to the conditions of his confinement and was not

---

[4] Notably, however, the only relief Petitioner seeks is his release from custody. *See* Petition at p. 15.

cognizable under the federal habeas corpus statutes); *Parker v. Lansing*, 21 F. App'x 842, 842 (10th Cir. 2001) (noting that petitioner's "habeas complaint before the district court did not assert an access to courts claim, and, had he done so, such claim would not have been cognizable in a habeas proceeding"); *Brooks v. Daniels,* No. 12-CV-02212-LTB, 2013 WL 1876756 at *4 (D. Colo. May 3, 2013) (unpublished op.) (concluding that state prisoner's Eighth Amendment claim challenged the conditions of his confinement and could not be raised in a habeas corpus action). It is recommended, therefore, that any independent access to courts claim raised in Grounds One and Two and the Eighth Amendment claims raised in Ground Four be dismissed.

> D. **The Claim Raised in Ground Five of the Petition Challenges the Execution of Petitioner's Sentence and Does Not Implicate any Federal Constitutional Right**

In Ground Five, Petitioner alleges that he has been wrongfully incarcerated. In support, he references an action for habeas corpus relief filed in the Oklahoma courts. He claims the Oklahoma courts have not complied with Oklahoma's "Truth in Sentencing Matrix." He also claims he has been "illegally transferred to an out-of-state warden."

It is not possible to determine the timeliness of these claims as Petitioner does not include any dates or otherwise provide any specific facts in support of these claims. Petitioner is currently incarcerated at the Oklahoma State Reformatory and, therefore, is in the custody of the ODOC and at a facility operated by the State of Oklahoma. He alleges at one point in the Petition that he is "awaiting transfer to another facility." *See* Petition at p. 13. But he does not identify that facility or the circumstances giving rise to the anticipated transfer.

The Court has reviewed Petitioner's submissions before the OCCA in the state habeas corpus proceeding. *See Burris v. State of Oklahoma*, HC-2015-1018, Petition in Error (Nov. 18, 2015). Petitioner alleged in the state proceeding that the ODOC lost jurisdiction over him when

he was transferred to a private prison. These additional allegations would not provide a basis for federal habeas relief.

Petitioner's challenge based on a transfer to a private prison is a challenge to the execution of his sentence governed by 28 U.S.C. § 2241. *See Lyons v. Zavaras*, 308 F. App'x 252, 255 (10th Cir. 2009) (acknowledging that "Mr. Lyon's main contention is that he is not actually seeking release from custody; rather, he argues, he has already been released by the [Colorado]DOC because he was transferred to a private prison which, he alleges, does not have a legal contract with the [Colorado]DOC to house inmates and is therefore simply detaining him illegally" but concluding that under Tenth Circuit precedent "such a challenge is properly construed to arise under § 2241") (*citing Montez v. McKinna*, 208 F.3d 862, 865 (10th Cir. 2000)). No constitutional right is implicated by Petitioner's transfer to a private prison. *See id*. Therefore habeas corpus review is not available. *See Palma-Salazar*, 677 F.3d at 1035 ("Habeas corpus review is available under § 2241 if an individual is 'in custody in violation of the Constitution or laws or treaties of the United States.'") (*quoting* 28 U.S.C. § 2241(c)(3)).

Additionally, Petitioner's reference to a violation of Oklahoma's "Truth In Sentencing Matrix" is too conclusory. Petitioner wholly fails to identify the nature of the alleged violation and/or how such a violation has affected his current sentence. Accordingly it is recommended that the claim raised in Ground Five be dismissed.

### E.  Ground Six – Discrimination by Oklahoma County District Court

It is unclear what relief Petitioner seeks in his sixth and final ground for relief. Petitioner identifies a state post-conviction proceeding in support of this claim, PC-2015-818. A review of the state court docket shows that the OCCA affirmed the denial of Petitioner's third post-conviction application in that proceeding. *See Burris v. State of Oklahoma*, Case No. PC-2015-

818, OCCA Order Affirming Denial of Third Application Seeking Post-Conviction Relief (Nov. 25, 2015).[5] Petitioner appears to seek some relief against the Oklahoma County District Court and/or the OCCA based on alleged discriminatory practices and/or a refusal to properly construe his state post-conviction claims.

This Court, however, does not act as a super-appellate court over the state courts. *See Robinson v. State of Okla.*, 404 F. Supp. 1168, 1170 (W.D. Okla. 1975). Nor can this Court provide any mandamus relief to Petitioner directed to the Oklahoma courts. *See Knox v. Bland*, 632 F.3d 1290, 1292 (10th Cir. 2011) ("To the extent that [the plaintiff] is seeking relief in the nature of mandamus, ordering Defendants to take action in their capacities as state judges, '[w]e have no authority to issue such a writ to direct state courts or their judicial officers in the performance of their duties.'") (*quoting Van Sickle v. Holloway*, 791 F.2d 1431, 1436 n. 5 (10th Cir. 1986)); *see also Smith v. United States Ct. of Appeals, Tenth Cir.*, 484 F.3d 1281, 1287 (10th Cir. 2007) ("declin[ing] to recast [plaintiff's] request for mandamus as a § 1983 claim" and "adher[ing] to our general prohibition on issuing a writ of mandamus to a state court judge"). Petitioner has not, therefore, stated a claim upon which relief may be granted.

## IV.  Petitioner's Motion for Appointment of Counsel

Petitioner has filed a Motion for Appointment of Counsel [Doc. No. 3]. Based on the proposed findings set forth above, it is recommended that Petitioner's Motion be denied as moot.

### RECOMMENDATION

It is recommended that the Petition [Doc. No. 1] be summarily dismissed. It is further recommended that Petitioner's Motion for Appointment of Counsel [Doc. No. 3] be denied as moot.

---

[5] The state court docket is available at http://www.oscn.net.

## NOTICE OF RIGHT TO OBJECT

Petitioner is advised of his right to object to this Report and Recommendation. *See* 28 U.S.C. § 636. Any objection must be filed with the Clerk of the District Court by June 7, 2016. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). Failure to make timely objection to this Report and Recommendation waives the right to appellate review of the factual and legal issues addressed herein. *Moore v. United States*, 950 F.2d 656 (10th Cir. 1991).

The Clerk of Court is directed to transmit a copy of this Report and Recommendation by electronic mail to the Attorney General of the State of Oklahoma on behalf of Respondent at fhc.docket@oag.state.ok.us.

## STATUS OF REFERRAL

This Report and Recommendation disposes of all matters referred by the District Judge in this case and terminates the referral.

ENTERED this 17th day of May, 2016.

_____
BERNARD M. JONES
UNITED STATES MAGISTRATE JUDGE